***********
Upon review of the competent evidence of record and the briefs and oral arguments of the parties, with reference to the errors assigned, the Full Commission, upon reconsideration of the evidence, enters the following Order.
 ***********
On November 22, 2006, Plaintiff Jeffrey Parker (hereinafter, Plaintiff Parker) sustained a compensable injury by accident arising out of and in the course and scope of his employment when the truck he was driving in his employment collided with another vehicle. Defendant iSurity accepted the compensability of Plaintiff's November 22, 2006 work injury via a Form 60 on behalf of Defendant Employer Alternatives.
On February 15, 2008, Plaintiff Franklin Todd Beck (hereinafter, Plaintiff Beck) sustained a compensable injury by accident arising out of and in the course and scope of his employment when another vehicle struck the truck he was driving in his employment in the rear, pushing his truck into the rear of a third vehicle. Defendant iSurity accepted the compensability of Plaintiff's February 18, 2008 work injury via a Form 60 on behalf of Defendant Employer Alternatives.
In the Form 60s filed in both the Plaintiff Parker and the Plaintiff Beck cases, Defendant iSurity reserved the right to dispute their liability for coverage on the claims. The Deputy Commissioner found Defendant Big Rock Transportation and Defendant W.L. Harlan/W.H. Services, Inc. were joint employers of Plaintiff Parker and Plaintiff Beck and that First Comp Insurance Company was the responsible carrier.
Both Plaintiff Parker and Plaintiff Beck operated trucks that bore the name of Defendant Big Rock Transportation, and carried permit books and loaded freight from various shippers for *Page 3 
Big Rock Transportation. Mr. William L. Harlan, owner of Defendant W.L. Harlan/W.H. Services, Inc., or other employees of Mr. Harlan, dispatched the Plaintiffs on a daily basis. Mr. Harlan owned the trucks driven by Plaintiff Parker and Plaintiff Beck but operated under the operating authority of Defendant Big Rock Transportation.
Although Defendant Big Rock Transportation furnished all liability and cargo insurance for the trucks and received a net of 5 percent of the trucking revenue, it did not provide workers' compensation insurance for the drivers of the trucks. Defendant W.L. Harlan/W.H. Services paid the weekly invoices of Defendant Employer Alternatives for payroll, including payroll taxes, and workers' compensation insurance premiums.
Defendant W.L. Harlan/W.H. Services contracted with Defendant Employer Alternatives, a professional employer organization (PEO), to manage certain aspects of its daily operations. Among other things, Defendant Employer Alternatives issued the payroll checks to the Plaintiffs drawn on a bank account in the name of Defendant Employer Alternatives.
Defendant iSurity provided workers' compensation insurance to Defendant Employer Alternatives during the period from September 15, 2006 through September 15, 2008, but contends this insurance was only intended to cover a manufacturing and assembling company, which assembled vanities and vanity components with one part-time truck driver. Defendant iSurity, through its risk manager Mr. Jacob Eric Dahlin, stated that it was not aware of Defendant Employer Alternatives' involvement in the trucking business.
Although there was testimony indicating that a contract existed between Defendant W.L. Harlan/W.H. Services and Defendant Employer Alternatives concerning the performance of certain aspects of the daily operations of Defendant W.L. Harlan/W.H. Services by Defendant Employer Alternatives as a PEO, the parties did not produce this contract at the hearing before *Page 4 
the Deputy Commissioner. In addition, Mr. Arthur S. Weiss, the managing member of Employer Alternatives during the time periods relevant to these proceedings, did not testify at the hearing before the Deputy Commissioner, and alleged in Defendant Employer Alternatives' written discovery responses that a PEO contract did not exist between Defendant Employer Alternatives and Defendant W.L. Harlan/W.H. Services.
Based upon the foregoing, the Full Commission is of the opinion that it needs not only the written contract between Defendant W.L. Harlan/W.H. Services and Defendant Employer Alternatives concerning the performance of certain aspects of the daily operations of Defendant W.L. Harlan/W.H. Services by Defendant Employer Alternatives as a PEO, but also any other written agreement between Defendant W.L. Harlan/W.H. Services and Defendant Employer Alternatives in order to resolve the issues currently pending before it. Further, the Full Commission is of the opinion that it needs the testimony of Mr. Weiss, in his capacity as managing member of Employer Alternatives during the time periods relevant to these proceedings, in order to resolve the issues currently pending before it.
Therefore, the Full Commission hereby reopens these consolidated cases and enters the following ORDERS:
1. These cases are remanded to Chief Deputy Commissioner Wanda Blanche Taylor for taking additional evidence, including the testimony of Mr. Arthur S. Weiss, in his capacity as managing member of Employer Alternatives during the time periods relevant to these proceedings. 2. It is ORDERED that Mr. Arthur S. Weiss shall appear and testify concerning the specific nature of the business relationship between Defendant W.L. Harlan/W.H. Services and Defendant Employer Alternatives. Mr. Weiss is further ordered to produce documents showing this business relationship and any other documents not produced during discovery.
3. Defendant W.L. Harlan/W.H. Services and/or Defendant Employer Alternatives shall produce any and all written agreements that existed between them from September 15, 2006 through September 15, 2008. It is further ORDERED that Defendant W.L. Harlan/W.H. Services and/or *Page 5 
Defendant Employer Alternatives shall produce to the Full Commission the requested documents, and any attachments thereto, within 10 days of the filing of this ORDER.
4. It is ORDERED that Mr. Roger L. Dillard, Jr., as counsel of record for Defendant Employer Alternatives, LLC and Employer Alternatives of Pennsylvania, LLC, and iSurety shall serve Mr. Weiss with a copy of this Order and notify Mr. Weiss of the date and time of the scheduled hearing on this remand.
5. Defendant Carrier iSurety shall continue to pay, without prejudice, temporary total disability compensation to Plaintiff Parker and Plaintiff Beck as compensability for these injuries is not in dispute. If another carrier is ultimately held responsible, iSurety will be ordered to be reimbursed.
6. The Deputy Commissioner shall gather the evidence, order a transcript of the proceedings, and forward such transcript to the Full Commission for review and decision. Upon receipt of the transcript of the remanded proceedings, the Full Commission shall enter an Order setting forth a schedule for briefing and for further oral arguments, if necessary. All correspondence from the parties to the Full Commission concerning this matter shall be directed to Bernadine S. Ballance, Commissioner.
7. No costs are assessed at this time.
This the 20th day of August 2010. *Page 6 
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1